UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(NEW HAVEN)

DONALD RANDOLPH WAESCHE,
BONITA L. WAESCHE, AND
ARA PACIS, LLC,

      Plaintiffs,

v.                                                                            Civil No. 3:14-CV-1902 (JAM)

NEW LONDON MARITIME
SOCIETY, INC. AND UNITED
STATES OF AMERICA,                                              AUGUST 12, 2016

      Defendants.

## PLAINTIFFS' OBJECTION TO MOTION TO DISMISS

The Plaintiffs Object to the Joint Motion to Dismiss filed by the New London Maritime Society and United States of America. As more particularly set forth in the attached Memorandum of Law, the Plaintiffs' Amendment to the Complaint effectively resolves all of the issues raised by the Defendants, and the issues raised by the Motion to Dismiss are not ripe for adjudication and/or are moot since the Amended Complaint deleted Counts that were contained in the original Complaint and made additions to the Complaint. There could be no meaningful purpose for the Court to adjudicate issues not presently before it.

For all of these reasons, the Plaintiffs request that the Defendants' Motion to Dismiss be denied.

>
> DONALD RANDOLPH WAESCHE,
> BONITA L. WAESCHE, AND
> ARA PACIS, LLC,
>
> By:   /s/Lloyd L. Langhammer
>         Lloyd L. Langhammer, for
>         Law Offices of Lloyd L. Langhammer, LLC
>         38 Granite Street, 3rd Floor
>         New London, Connecticut
>         Telephone: 860-440-3340
>         Federal Bar No. Ct01508
>         E-mail: llanghammer@hotmail.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    I.       Ownership of the Lighthouse Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    I.       Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    II.      The Plaintiffs' have alleged facts establishing jurisdiction and statutory consent to be sued by the United States. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    III.     The Plaintiffs Have Adequately Plead the United States' Interests in the Property under 28 U.S.C. § 2409a(d) and Adequately Plead the Date on which Their Cause of Action Accrued in Accordance with 28 U.S.C. § 2409a(g). . . . . . . . . . . . . . . 4
    IV.     The Arguments of the Defendants on Pages 10 - 13 are Not Ripe Because the Amended Complaint deleted those claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

**CASES**

Abbott Labs. v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) . . . . . . . . . . 5

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . 2

Buchler v. United States, 384 F. Supp. 709, 712 (E.D. Cal. 1974) . . . . . . . . . . . . . . . . . . . . . . 4, 5

Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) . . . . . . . . . . . . . . . . . . . 5

In re Colonial Ltd. P'ship Litig., 854 F. Supp. 64, 79-80 (D. Conn.1994) . . . . . . . . . . . . . . . . . . 5

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . 2

Metrokane, Inc. v. Wine Enthusiast, 185 F. Supp. 2d 321, 324 (S.D.N.Y. Feb. 8, 2002) . . . . . . . 2

Patrowicz v. Transamerica HomeFirst, Inc., 359 F. Supp. 2d 140, 144 (D. Conn. 2005) . . . . . . . 2

Roller Bearing Co. of America v. American Software, 570 F. Supp. 2d 376 (D. Conn. 2008) . . 5

Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) . . . . . . . . . 5

Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 579-80, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Twin City Fire Ins. Co. v. Innovative Aftermarket Sys., 597 F. Supp. 2d 295 - Dist. Court, D. Connecticut 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATUTES**

28 U.S.C. § 1442(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 2409a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 2409a(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 2409a(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2409a(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2409a(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## INTRODUCTION

The Plaintiffs submit this Memorandum of Law in Opposition to the Joint Motion to Dismiss filed by the Defendants New London Maritime Society, Inc. ("NLMS") and the United States of America ("United States) (collectively "Defendants").  The Plaintiffs' Amendment of the Complaint dated August 5, 2016, renders moot the issues raised by the Defendants or, alternatively, the Plaintiffs' deletion of certain counts and allegations removes the justiciability of certain issues from the Courts purview.

## STATEMENT OF FACTS

**I.      Ownership of the Lighthouse Property**

NLMS acquired the Lighthouse Property (the "Property") from the United States, acting by and through the Administrator of General Services, by way of Quit Claim Deed (the "Deed") dated October 6, 2009 and recorded in Volume 1853 at Page 197 of the New London Land Records.  See Exhibit A attached to Defendant's Motion to Dismiss.  The Deed speaks for itself.  Contrary to the representations made by the Defendants, the United States by virtue of the plain language of the Deed has no present interest in the Property.  The interest of the United States is purely reversionary.  There exists no evidence (nor do the Defendants allege any) that the United States has taken any steps to trigger its reversionary rights.  There is no evidence or indication that the United States intends to take the Property back because the Plaintiffs seek to quiet title to a small disputed section of the Property's boundary or because the NLMS has been unable to create a tourist attraction in a tightly packed residential neighborhood.

**ARGUMENT**

**I.      Introduction**

With regard to the defendant's 12(b)(6) argument, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "On a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all of the well pleaded facts and consider those facts in the light most favorable to the plaintiff." Metrokane, Inc. v. Wine Enthusiast, 185 F. Supp. 2d 321, 324 (S.D.N.Y. 2002). Thus, although courts do not credit legal conclusions, "a well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atlantic Corp., 550 U.S. at 556 (internal quotation marks omitted).

Generally, a court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents . . . of which plaintiffs had knowledge and relied on in bringing suit." Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Patrowicz v. Transamerica HomeFirst, Inc., 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## II. The Plaintiffs' have alleged facts establishing jurisdiction and statutory consent to be sued by the United States.

The Plaintiffs initially brought a quiet title action in state court and plead their claim appropriately under Connecticut state law.[1]

The Plaintiffs' Amended Complaint dated August 5, 2016 in ¶ 9 cites 28 U.S.C. § 2409a(a), whereby the United States may be named as a party defendant in a civil action regarding a title dispute in which the United States claims an interest.[2] The United States has a potential reversionary interest in the Property and was named a defendant so that there would be a unity of interest in a judicial decree as to the status of title. The Defendants claim that the Plaintiffs have alleged no facts showing the United States has consented to be sued is without merit. The consent is statutory and the statute has been plead.

### 1. The United States Is Properly a Party by Virtue of its Reversionary Interest.

The Defendants make an elaborate but inaccurate argument that the United States is a necessary party and that somehow the presence of the United States as a defendant in a quiet title action renders that action subject to dismissal. Congress has seen fit to consent to jurisdiction for Quiet Title actions which is precisely what this cause of action is. 28 U.S.C. § 2409a(a).

The Defendants acknowledge on Page 6 that "The United States is a necessary party as a result of its reversionary interest in the property". A review of the allegations of the Plaintiffs'

---

[1] The Plaintiffs question the Defendants' statement on Page 2 of their brief that "United States properly removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1)." The Plaintiffs submit the plain language of that statute does not support removal.

[2] Paradoxically the Defendants' claim on Page 5 that the case should be dismissed by virtue of the United States not having consented to be sued yet later on in their Brief cite to the very statute upon which the United States consents to be sued.

Amended Complaint indicates that the United States is properly a party albeit a nominal party since there is no allegation that the United States has triggered (or intends to trigger) its reversionary interest.

Additionally, the Amended Complaint makes it clear that the sole issue before this Court is a fixing of the boundary line between the Plaintiffs' parcel and the Property.  Under the federal quiet title statue the United States can, if it so chooses, disclaim its interest in the litigation.  See, 28 U.S.C. § 2409a(e).   Although the United States has not disclaimed any interest it has in the boundary agreement, it has given no indication of any intent to assert its reversionary interest.

**III.     The Plaintiffs Have Adequately Plead the United States' Interests in the Property under 28 U.S.C. § 2409a(d) and Adequately Plead the Date on which Their Cause of Action Accrued in Accordance with 28 U.S.C. § 2409a(g).**

The Defendants improperly quibble with the Plaintiffs' utilization of the word "may" to describe the United States' interest in the Property.  The Defendants acknowledge that the United States has only a reversionary interest, and as such, may never acquire, or seek to acquire, an interest in the Property.  As noted by the Defendants on Page 6 of their Brief, the United States is a proper party to quiet title actions where there exists a reversionary interest.  The Plaintiffs allege with particularity in ¶ 9 of their Amended Complaint that the interest of the United States exists by virtue of the restrictions contained in the Deed and that is purely reversionary.  However, for the Defendants to somehow utilize the Plaintiffs' proper usage of the word "may" as a basis for a Motion to Dismiss defies reason.  The Plaintiffs plead in ¶ 1 the accrual of their cause of action pursuant to 28 U.S.C. § 4209(a)(g).

The Defendants cite Buchler v. United States, 384 F. Supp. 709, 712 (E.D. Cal. 1974). This case stands for the proposition that the United States consents to be sued as a party

4

defendant by virtue of 28 U.S.C. § 2409a.  The Buchler case supports the Plaintiffs' position whereby alleged deficiencies in the pleadings were allowed to be cured by amendment.  This is precisely what the Plaintiffs have done.

## IV. The Arguments of the Defendants on Pages 10 - 13 are Not Ripe Because the Amended Complaint deleted those claims.

A review of the Plaintiffs' Amended Complaint reveals that the issues surrounding the Plaintiffs' effort to obtain an injunction and zoning related issues have been removed.[3] Accordingly, those issues are no longer before the Court.  As those issues are not before the Court, they are not ripe for adjudication.[4]  The court in Twin City Fire Ins. Co. v. Innovative Aftermarket Sys., 597 F. Supp. 2d 295 (D. Conn. 2009) held: Ripeness is a justiciability doctrine concerned with the timing of a lawsuit. Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 579-80, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985). The "basic rationale" of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). A matter "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."

---

[3] The Defendant NLMS is currently under a Cease and Desist Order issued by the City of New London.

[4] Alternatively the amendment of the Complaint makes the Defendants' Motion to Dismiss moot.  When "a plaintiff amends its complaint while a motion to dismiss is pending," which happens "frequently," the "court then has a variety of ways in which it may deal with the pending motion [to dismiss], from denying the motion as moot to considering the merits of the motion in light of the amended complaint." In re Colonial Ltd. P'ship Litig., 854 F. Supp. 64, 79-80 (D. Conn.1994).  As cited in Roller Bearing Co. of America v. American Software, 570 F. Supp. 2d 376 (D. Conn. 2008).

Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (quotation marks omitted).

## CONCLUSION

For all of the foregoing reasons, the Defendants' Motion to Dismiss should be denied.

>
> Respectfully submitted,
>
> DONALD RANDOLPH WAESCHE,
> BONITA L. WAESCHE, AND
> ARA PACIS, LLC,
>
>
> By:   /s/Lloyd L. Langhammer
>       Lloyd L. Langhammer, for
>       Law Offices of Lloyd L. Langhammer, LLC
>       38 Granite Street, 3rd Floor
>       New London, Connecticut
>       Telephone: 860-440-3340
>       Federal Bar No. Ct01508
>       E-mail: llanghammer@hotmail.com

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, a copy of foregoing, along with a copy of the Amended Complaint, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

John P. Casey
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8359
Fax No.: (860) 275-8299
E-mail: jcasey@rc.com

James R. Nault
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8212
Fax No.: (860) 275-8299
E-mail: jnault@rc.com

Julie G. Turbert
Assistant U.S. Attorney
U.S. Attorney's Office - NH
157 Church Street, 5th Floor
New Haven, CT 06510
Tel. No.: (203) 821-3700 x 3104
Fax No.: (203) 773-5373
E-mail: Julie.Turbert@usdoj.gov

Kerry R. Callahan
Updike, Kelly & Spellacy, P.C.
One State St., Po Box 231277
Hartford, CT 06123-1277
860-548-2600
Email: krcallahan@uks.com

         By: /s/Lloyd L. Langhammer
            Lloyd L. Langhammer, for
            Law Offices of Lloyd L. Langhammer, LLC
            38 Granite Street, 3rd Floor
            New London, Connecticut
            Telephone: 860-440-3340
            Federal Bar No. Ct01508
            E-mail: llanghammer@hotmail.com